

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STANLEY W. BROOKS,<br>#67477 | )<br>) |
| Plaintiff, | ) 3:10-cv-00481-RCJ-VPC |
| vs. | ) **ORDER** |
| DR. KAREN GEDNEY, *et al.*, | ) |
| Defendants. | ) |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is currently incarcerated at Northern Nevada Correctional Center ("NNCC") has sued Dr. Karen Gedney, corrections officer Berg, Warden Benedetti, Associate Warden of Programs ("AWP") Lisa Walsh, and Nevada Department of Corrections ("NDOC") Medical Director Dr. Bannister. Plaintiff asserts that though he is diabetic, Dr. Gedney has denied him insulin, resulting in blindness in his left eye and near blindness in his right eye. He also claims that he suffers constantly from pain in both eyes. Plaintiff alleges that he has been denied any training or therapy to deal with his blindness and denied a "blind cane" that Dr. Donnelly ordered. Plaintiff also asserts that officer Berg and Gedney conspired to shoot and kill plaintiff in order to stop the lawsuit. He alleges that Berg "set-up plaintiff in position to be shot by him with a shotgun upon leaving my cell and then ordered me out of my cell into harms way claiming I 'shouldn't f–k with Gedney.'" Plaintiff states that the intervention of an unidentified individual prevented his murder. Finally, plaintiff claims that Walsh allowed officers to confiscate his tape player for books for the blind.

Plaintiff contends that defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently

1  culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for
2  the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a
3  deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate
4  health or safety." *Id.*

5  In applying this standard, the Ninth Circuit has held that before it can be said that a
6  prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.
7  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
8  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.
9  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does
10 not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does
11 not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429
12 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v.
13 Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*), *WMX Techs., Inc. v. Miller*,
14 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish
15 deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th
16 Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of
17 deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

18 Delay of, or interference with, medical treatment can also amount to deliberate
19 indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898,
20 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122,
21 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d
22 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133,
23 (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the
24 prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner
25 must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at
26 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

1  Plaintiff states an Eighth Amendment claim against Dr. Karen Gedney.

2  With respect to plaintiff's retaliation claim in count II, to establish a prima facie case for retaliation, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (*i.e.*, filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). Plaintiff states a retaliation claim against Dr. Karen Gedney and corrections officer Berg.

With respect to Bannister, plaintiff alleges generally that under Bannister the medical department has denied him any training or therapy to adapt to blindness. However, "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation). Plaintiff does not allege that Bannister participated in, directed or failed to act to prevent violations of plaintiff's Eighth Amendment rights. Accordingly, plaintiff's claims against defendant Bannister are dismissed, and he is dismissed from this action.

With respect to Warden Benedetti, plaintiff states that he is "forced by Warden Benedetti to fend for himself with no assistance at all." While plaintiff appears to complain that Benedetti has

been deliberately indifferent to his serious medical needs for training or therapy to adapt to blindness, his allegations against Benedetti are too vague for the court to determine whether they state an Eighth Amendment medical claim. Plaintiff fails to identify what specific actions Benedetti took and how Benedetti allegedly violated his constitutional rights. Accordingly, plaintiff's claims against Benedetti must be dismissed. However, because his allegations against Benedetti may implicate his Eighth Amendment rights, he may amend his complaint.

With respect to Lisa Walsh, plaintiff's allegations that she allowed his tape player to be confiscated are also too vague for the court to determine whether they state a claim. Plaintiff claims that this was done to punish and torment. Plaintiff's claims against Walsh are dismissed. To the extent that plaintiff seeks to bring a retaliation claim, he has leave to amend his claims against Walsh. As with Benedetti, plaintiff must specifically identify Walsh's actions and how those actions allegedly violated what specific constitutional rights of plaintiff.

Accordingly, plaintiff has leave to file an amended complaint. If plaintiff elects to file an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. Again, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Stanley W. Brooks, **Inmate No. 67477** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** the complaint (docket #1-1).

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment medical claim against Dr. Karen Gedney **MAY PROCEED**.

**IT IS FURTHER ORDERED** that plaintiff's retaliation claims set forth in count II against Dr. Karen Gedney and corrections officer Berg **MAY PROCEED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Bannister are

**DISMISSED**. Defendants Bannister is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims against defendant Warden Benedetti are **DISMISSED with leave to amend** in conformance with the instructions provided in this order.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Lisa Walsh are **DISMISSED with leave to amend** in conformance with the instructions provided in this order.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if he chooses to file one, in conformance with this Order. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. **Failure to amend will result in the matter proceeding as to the claims allowed in this order.**

**IT IS FURTHER ORDERED** that if plaintiff chooses to file an amended complaint, he shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **3:10-CV-00481-RCJ-VPC**, above the words "FIRST AMENDED" in the space for "Case No."

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint. provided in this order.

DATED this 30th day of _____November_____, 2010.

_____
UNITED STATES DISTRICT JUDGE