**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| STANLEY W. BROOKS, Plaintiff, v. DR. KAREN GEDNEY, ET AL., Defendants. | ) | 3:10-cv-00481-RCJ-VPC<br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br>December 2, 2011 |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss plaintiff's amended complaint (#15).[1] Plaintiff did not oppose and defendants did not file a reply. The court has thoroughly reviewed the record and the motion and recommends that defendants' motion to dismiss (#15) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Stanley W. Brooks ("plaintiff"), a *pro se* inmate, was incarcerated at Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#8). Since the filing of this lawsuit, plaintiff has been released from prison (#11). Plaintiff brings his first amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First and Eighth Amendment rights during his incarceration at NNCC (#8).

Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and permitted the following claims to proceed: (1) count I Eighth Amendment claim against NNCC physician Karen Gedney; (2) count II retaliation claims against Dr. Gedney, and against correctional officer Berg; (3) counts

---

[1] Refers to the court's docket number.

III and IV Eighth Amendment claims against NNCC warden Lisa Walsh, and against associate warden of programs Benedetti (#9). Gedney, Berg, Walsh, and Benedetti ("defendants") bring the instant motion.

In count I, plaintiff alleges defendant Gedney violated his Eighth Amendment rights when she denied him insulin, resulting in blindness in his left eye and near blindness in his right eye (#8, pp. 3-4).

In count II, plaintiff alleges defendants Berg and Gedney retaliated against him when they conspired to shoot and kill plaintiff in response to plaintiff's filing of this lawsuit. *Id*. at 5.

In counts III and IV, plaintiff claims that while in segregation, defendants Benedetti and Walsh allowed officers to confiscate plaintiff's tape player and braille writer, without a legitimate penological motivation. *Id.* at 6. Plaintiff asserts defendants punished plaintiff more severely than other inmates in administrative segregation by housing him in a small, dark, single cell, in violation of the Eighth Amendment. *Id*. at 7.

Defendants filed a motion to dismiss plaintiff's complaint and argue count I should be dismissed based on the statute of limitations and that counts II, III, and IV should be dismissed because plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") and Administrative Regulation ("AR") 740 (#15). Defendants assert that plaintiff knew of the alleged Eighth Amendment claim against defendant Gedney on June 16, 2008, and that his claim is barred by the two-year statute of limitations. *Id*. at 4. Defendants further argue plaintiff never properly exhausted his administrative remedies in counts II, III, and IV. *Id*. In support of these assertions, defendants attach and authenticate the applicable version of AR 740 and plaintiff's inmate issue history (#15, Exs. A, B, I).[2] Defendants also attach copies of plaintiff's actual grievances for select grievances (#15, Exs. D-H). The court reviewed plaintiff's file and found the following relevant grievances:

(1) 20062885953: Informal, first, and second level grievance regarding defendant Gedney's denial of insulin and plaintiff's alleged loss of vision (#15-1, Ex. B, pp. 11-12). NDOC

[2] Defendants attach an authenticated copy of NDOC AR 740 and all updates and temporary versions from January 5, 2005 to the present (#15-2, Ex. I).

denied the grievance stating: "Dr. Gedney had nothing whatsoever to do with your loss of vision." *Id*. at 12.[3]

(2) 20062741736: Informal and first level grievance regarding defendant Gedney's denial of insulin and plaintiff's alleged loss of vision (#15-2, Ex. C, pp. 2-6). NDOC denied the grievance because it referenced multiple issues in one grievance. *Id*. at 7.

(3) 20062743113: Informal and first level grievance regarding defendant Gedney's denial of insulin and plaintiff's alleged loss of vision (#15-2, Ex. D, pp. 9-12). NDOC denied the grievance stating: "Dr. Gedney certainly did not 'blind you.'" *Id*. at 13.

(4) 20062743118: Informal and first level grievance regarding defendant Gedney's denial of insulin and plaintiff's alleged loss of vision (#15-2, Ex. E, pp. 15-21). NDOC denied the grievance stating that plaintiff's claim that "Dr. Gedney blinded [him] is ridiculous." *Id*. at 23.

(5) 2006287542: Informal and first level grievance regarding defendants Berg and Gedney conspiring to shoot plaintiff in retaliation for filing a civil rights lawsuit (#15-2, Ex. F, pp. 25-29). NDOC denied the grievance stating: "This matter is being reviewed by the Inspector General's office in accordance with AR 740." *Id*. at 33.

(6) 20062887103: Informal level grievance regarding confiscation of plaintiff's cassette player (#15-2, Ex. G, pp. 35-37). NDOC denied the grievance stating: "the audio tape [sic] were sent back to the state library." *Id*. at 38.

(7) 20062902123: Informal level grievance regarding the confiscation of plaintiff's cassette player (#15-2, Ex. H, pp. 40-41). NDOC denied the grievance stating: "The property is currently being held pending an investigation." *Id*. at 45.

On March 8, 2011, defendants filed their motion to dismiss (#15). On March 9, 2011, the court issued its standard order pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), informing plaintiff of his rights and responsibilities in responding to dispositive motions and that he had to file an opposition by March 23, 2011 (#16). The court *sua sponte* granted plaintiff an extension of time until November 18, 2011 (#18). To date, plaintiff has failed to file an opposition to defendants' motion to dismiss and has failed to request additional time in which to do so. LR 7-2 states that, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Notwithstanding that plaintiff failed to oppose, and the court recommends that defendants' motion to dismiss be granted, the court reviews the merits of defendants' motion to dismiss.

---

3 The page number refers to the docket page numbers listed at the top of the exhibit page.

## II. DISCUSSION & ANALYSIS

### A. Discussion

Failure to exhaust is an affirmative defense under the PLRA rather than a jurisdictional requirement, and defendants bear the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003), *cert denied*, 540 U.S. 810 (2003). Inmates are not required to specifically plead or demonstrate exhaustion in their complaints; rather, it is the defendant's responsibility to raise the issue in a responsive pleading. *Jones*, 549 U.S. at 216.

Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*, 315 F.3d at 1119. The court may look beyond the pleadings to decide disputed issues of fact without converting the motion into one for summary judgment; however, "if the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20*, as noted in O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007); *see also Rizta v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365 (9th Cir. 1988) ("[F]ailure to exhaust nonjudicial remedies should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.").

#### 1. Prison Litigation Reform Act of 1996

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739-40 n.5). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required

prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Plaintiffs must properly exhaust nonjudicial remedies as a precondition to bringing suit. The PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the agency holds out, and doing so *properly* (so that the agency addresses the merits)." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Requiring exhaustion prior to filing suit furthers the congressional objectives of the PLRA as set forth in *Porter v. Nussle*, 534 U.S. 516, 524-25. *See id.* at 1200.

**2. NDOC Procedures**

"Applicable procedural rules [for proper exhaustion] are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218.

The NDOC grievance procedure is governed by AR 740 (#15-3, Ex. I, pp. 2-21). Defendants attach to their motion the relevant version of AR 740, which was in effect at the time plaintiff filed his grievance. *Id.* In order for plaintiff to exhaust available remedies at the time of his injury, AR 740 requires the following: (1) an informal review level, which "shall be reviewed and responded to by the inmate assigned caseworker" in consultation with other appropriate staff; (2) a first level formal grievance, which "shall be reviewed and responded to by the Warden"; and (3) a second level grievance, which "shall be reviewed and responded to by either the Assistant Director of Operations, Assistant Director of Support Services, Offender Management Administrator, Medical Director, or Correctional Programs Administrator." *Id.* at 11-12.

Once received, NDOC logs informal grievances into a tracking system. *Id.* at 15. The caseworker assigned to the grievance will provide the inmate with a response within twenty-five days, unless more time is required to conduct further investigation. *Id.* at 16. If the inmate is not satisfied by NDOC's response to his informal grievance, he may appeal the decision within five days by filing a first level grievance. *Id.* at 16-17. NDOC will provide a response within twenty days of receipt of the first level grievance. *Id.* at 17. If the first level grievance does not comply with procedural guidelines, the grievance is returned to the inmate with instructions for proper filing. *Id.*

Finally, if the inmate is not satisfied with the first level grievance outcome, he may file a second level grievance, to which the NDOC will respond within twenty days. *Id.* at 18. Upon completion of the grievance process, inmates may pursue civil rights litigation in federal court.

**B. Analysis**

**1. Count I - Statute of Limitations**

Defendants move to dismiss count I of plaintiff's complaint based on the statute of limitations (#15, p. 3). They argue the statute of limitations bars plaintiff's claim in count I because plaintiff knew of the alleged injury caused by defendant Gedney when he filed informal level grievance 20062741736 on June 16, 2008 (#15, p. 3; #15-2, Ex. C, p. 2). Plaintiff filed his complaint on July 29, 2010 (#1-1).[4]

There is no statute of limitations under section 1983. Federal courts apply the forum state's statute of limitations for personal injury claims. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000). In Nevada, the statute of limitations for section 1983 actions is two years. N.R.S. 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), *cert. denied*, 493 U.S. 860 (1989). "Federal law determines when a cause of action accrues and the statute of limitations begins to run for a section 1983 claim. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp*., 923 F.2d 758, 760 (9th Cir. 1991) (citations and internal quotations omitted).

In grievance number 20062741736, filed on June 16, 2008, plaintiff alleged that defendant Gedney violated his Eighth Amendment rights by denying him insulin and causing him to lose his vision (#15-2, Ex. C, p. 2). Plaintiff knew at that time of the alleged constitutional violation, and therefore, plaintiff's claim accrued on June 16, 2008. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (holding that a claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based). Under Nevada's two-year statute of limitations, plaintiff was

---

[4] Pursuant to the "prison mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Plaintiff signed his complaint on July 29, 2010, which is the first date he could have mailed or handed his complaint to a correctional officer for mailing to this court (#1-1).

required to file a claim based on defendant Gedney's acts by June 16, 2010.[5] However, plaintiff did not file his lawsuit until July 29, 2010. Moreover, because plaintiff failed to oppose defendants' motion to dismiss, the court concludes that plaintiff consents to defendants' argument that count I is barred by the statute of limitations. Defendants' motion to dismiss count I based on the statute of limitations should be granted and count I should be dismissed with prejudice.

**2. Counts II, III, and IV - Failure to Exhaust Administrative Remedies**

According to AR 740, in order to properly exhaust administrative remedies, inmates must proceed through informal, first, and second level grievance filings. Based on the court's detailed review of plaintiff's grievance filings, he plainly did not advance beyond the first level in his grievances related to counts II, III, and IV (#15-2, Ex. F, pp. 25-29; #15-2, Ex. G, pp. 35-37; #15-2, Ex. H, pp. 40-41). Therefore, the court recommends that defendants' motion to dismiss be granted because plaintiff failed to exhaust his administrative remedies with respect to his retaliation claim against defendants Berg and Gedney, and his Eighth Amendment claims against defendants Benedetti and Walsh. Moreover, plaintiff failed to oppose defendants' motion to dismiss, and the court concludes that plaintiff consents to defendants' argument that he failed to exhaust his administrative remedies. Plaintiff's claims in counts II, III, and IV should be dismissed without prejudice because he failed to exhaust his administrative remedies.

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that by failing to oppose, plaintiff has consented to the granting of defendants' motion (#15) and the court concludes that defendants' motion to dismiss based on the statute of limitations and on plaintiff's failure to exhaust administrative remedies should be **GRANTED**. Plaintiff's claim in count I should be **DISMISSED with prejudice** and plaintiff's claims in counts II, III, and IV should be **DISMISSED**

---

[5] Plaintiff did not exhaust the grievance process with respect to this grievance and his grievance was returned to him on July 17, 2008 (#15-2, Ex. C, p. 7). Courts have applied equitable tolling to a plaintiff's claim while he exhausts his administrative remedies "if the interests of justice so require." *See Seino v. Employers Ins. Co. of Nevada*, 111 P.3d 1107, 1112 (Nev. 2005). The court declines to apply equitable tolling to plaintiff's claim in count I because his failure to file an opposition is consent to defendants' argument that count I is barred by the statute of limitations.

**without prejudice**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#15) be **GRANTED** and that plaintiff's complaint be dismissed as follows:

1. Count I should be **DISMISSED with prejudice** and;

2. Counts II, III, and IV should be **DISMISSED without prejudice**.

**DATED**: December 2, 2011.

Valerie P. Cooke

**UNITED STATES MAGISTRATE JUDGE**