UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STANLEY W. BROOKS, | ) |
| Plaintiff, | ) |
| | ) 3:10-cv-00481-RCJ-VPC |
| vs. | ) |
| | ) |
| KAREN GEDNEY et al., | ) **ORDER** |
| | ) |
| Defendants. | ) |

This is a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff brought the action while incarcerated with the Nevada Department of Corrections ("NDOC"), but he has since been paroled. On January 31, 2012, the Court adopted the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 19) to dismiss count one of the Amended Complaint ("AC") (ECF No. 8) with prejudice under the statute of limitations and to dismiss the second through fourth counts for failure to exhaust administrative remedies, i.e., the prison grievance system. (*See* Order, ECF No. 20). As the Court noted in that order, Plaintiff had not objected to the R&R. On February 11, 2013, over one year later, Plaintiff filed the present Motion to Vacate Order (ECF No. 25), arguing that he never received notice of Defendants' Motion to Dismiss (ECF No. 15). The record, however, indicates the issuance of a *Klingele* notice, as well as a later minute order by the magistrate judge extending time *sua sponte* and noting the issuance of the *Klingele* notice. (*See* Min. Orders, ECF Nos. 16, 18).

The record indicates Plaintiff changed his address several times after being paroled, but all indications are that he in fact received the motion. On January 31, 2011, copies of the AC and screening order were returned to the Clerk after having been sent to Plaintiff's previous prison

address at Northern Nevada Correctional Center ("NNCC"), indicating that he had been paroled. (*See* ECF No. 10). On February 7, 2011, Plaintiff notified the Court of his new address at 3025 N. Carroll St., North Las Vegas, NV. 89030, to which new copies of the AC and screening order were then sent. (ECF No. 11). All filings were then sent to this address, and the next letter to be returned as undeliverable (on February 13, 2012) was not the motion to dismiss, the *Klingele* order concerning that motion, or the magistrate judge's minute order extending time to respond—none of which were returned as undeliverable—but the Court's order adopting the R&R. (*See* ECF No. 21). Plaintiff then requested a status update on his case via letter on August 28, 2012. (*See* ECF No. 22). That letter indicated the address 2201 N. Buffalo Dr. #1023, Las Vegas, NV 89128 in the header, but Plaintiff did not inform the Court that his address had changed until February 11, 2013, when he notified the Court that his address had changed to 27 N. 28th St., Las Vegas, NV 89101. (*See* ECF No. 24). He filed the present motion the same day.

The Court denies the motion. All indications are that Plaintiff in fact received notice, or at the very least that the Clerk's routine efforts here were reasonably calculated to give notice and that there were no indications of a failure of notice of the motion to dismiss. Plaintiff argues excusable neglect, i.e., that his blindness and lack of legal training caused him not to update his address with the Court. Such neglect is not excusable, but even if it were, the motion under Rule 60(b)(1) would be untimely. *See* Fed. R. Civ. P. 60(c)(1).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate (ECF No. 25) is DENIED.

IT IS SO ORDERED.

Dated this 5th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge